UNITED STATES of America, Appellee,

v.

**Robert S. BAINES,**
**Defendant, Appellant.**

No. 86–1799.

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1987.

Decided March 2, 1987.

Mark E. Dunlap, Portland, Me., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief, for appellee.

Before BREYER, ALDRICH and SELYA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Defendant Baines was indicted on two counts; Count I for conspiracy to possess with the intent to distribute more than 1,000 pounds of marijuana, and Count II, for possession with intent to distribute the same. 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 846. He was found guilty on Count I, and acquitted on Count II. He appeals, alleging error in the denial of his motions for acquittal and for a new trial for insufficiency of evidence; erroneous admission of declarations of alleged conspirators, and improper jury argument by the Assistant U.S. Attorney. We affirm.

Briefly, the evidence would warrant the following. One Browning organized a shipment of some 5,000 pounds of marijuana from the Caribbean on board an auxiliary schooner. When the vessel was shortly to be off the Maine coast, and no arrangements had been made for offloading, Browning engaged one Kavanaugh, who, in turn, got in touch with defendant. On a drive from Portland to Rockland defendant allegedly agreed, in general terms, for about ten percent of the wholesale value, to accomplish the unloading, defendant to select the site and hire the workers. Defendant was instructed how to call the vessel, and communicate with the truckers who would take the marijuana to the stash house. Kavanaugh, who turned government witness with respect to the above, testified that he had no further contact, but that he informed Browning how defendant was to be reached.

The eventual sale of the marijuana went through, and Kavanaugh received his share of the proceeds. Defendant's claim that this evidence indicated only that he had expressed a willingness to negotiate and not that he had entered into the conspiracy does not wash.

**42**

■ Equally untenable is defendant's objection to the court's *Petrozziello* finding [1] admitting against him declarations of other conspirators made prior to the date that it could be found that defendant entered into the conspiracy. Such inclusion is the general rule. *United States v. Jannotti,* 729 F.2d 213, 221 (3d Cir.1984); *United States v. Tombrello,* 666 F.2d 485, 490–91 (11th Cir.1982), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291. The only exception we find, *United States v. Gee,* 695 F.2d 1165, 1169 (9th Cir.1983), is undiscussed dictum, for which the court cited two prior cases, neither of which offered even dicta in support.[2] We need only recall the well-known simile that a conspiracy is like a train. When a party knowingly steps aboard, he is part of the crew, and assumes conspirator's responsibility for the existing freight—or conduct—regardless of whether he is aware of just what it is composed. *United States v. Sarno,* 456 F.2d 875, 878 (1st Cir.1972). Fed.R.Evid. 801(d)(2)(E) does not change the common law. *United States v. Badalamenti,* 794 F.2d 821, 827 (2d Cir.1986). Defendant offers no reason why verbal acts in furtherance of the conspiracy should be treated differently from physical ones.

It is true that in *Petrozziello,* 548 F.2d at 23, we spoke in terms of declarations subsequent to the defendant's joinder. Nothing turned on the point, and there was no intention to overrule *Sarno.* Any limitation implied was inadvertent, and is hereby withdrawn. *Cf. United States v. Badalamenti,* ante.

■ Finally, defendant complains of a remark by the prosecutrix in summation, emphasizing, in explaining the necessity of relying on informers, the seriousness of drug offenses. This was uncalled for. The court, however, made an extensive correction, and we would not reverse for this one, relatively minor, excess.

*Affirmed.*

1. *United States v. Petrozziello,* 548 F.2d 20 (1st Cir.1977).

2. We suggest the court might have done better to have noted its prior decision in *United States*

*v. Anderson,* 532 F.2d 1218, 1230 (9th Cir.1976), *cert. denied,* 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107.