**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

---

No. 99-1002

UNITED STATES OF AMERICA,
Appellee,

v.

LUIS A. HERNANDEZ VEGA,
Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

---

Raymond L. Sanchez Maceira, by appointment of the court, for appellant.
Jacabed Rodriguez-Coss, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief, for appellee.

---

October 11, 2000

---

**SELYA, Circuit Judge.** On April 10, 1997, a federal grand jury sitting in the District of Puerto Rico returned a three-count indictment against a number of individuals. In Count 2 of the indictment, the grand jury charged several persons, including Luis A. Hernández Vega (Hernández), with conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. Following a five-week trial, a petit jury found Hernández guilty as charged. The district court thereafter sentenced Hernández to serve 235 months in prison. Hernández appeals.[1] Having carefully reviewed the record, we affirm.

On appeal, Hernández's basic argument entails a challenge to the sufficiency of the evidence. In particular, he asseverates that the government's proof failed to show that he was privy to the conspiracy. This challenge invokes a familiar standard of review: when evaluating the sufficiency of the evidence presented against a defendant in a criminal case, an appellate court must "canvass the evidence (direct and circumstantial) in the light most agreeable to the prosecution

---

[1]Hernández stood trial with eight codefendants (all of whom were found guilty), and we consolidated all nine appeals. Seven of them, including this one, were argued together on September 14, 2000. The other two were submitted on the briefs to the same panel. Because this appeal raises issues peculiar to Hernández, we have chosen to decide it in a separate opinion.

and decide whether that evidence, including all plausible inferences extractable therefrom, enables a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime." United States v. Noah, 130 F.3d 490, 494 (1st Cir. 1997).

A defendant may culpably join a drug-trafficking conspiracy without knowing the full extent of the enterprise or the identities of all the coconspirators. See United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989). The controlling statute is 21 U.S.C. § 846. To convict a defendant of violating section 846, the government must "show beyond a reasonable doubt that a conspiracy existed and that a particular defendant agreed to participate in it, intending to commit the underlying substantive offense." United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993); accord United States v. Marréro-Ortiz, 160 F.3d 768, 772 (1st Cir. 1998). In proving the agreement, however, "[t]here are no particular formalities." Sepulveda, 15 F.3d at 1173. Conspiratorial agreements may take a wide variety of forms. Moreover, they "may be express or tacit and may be proved by direct or circumstantial evidence." Id. It follows logically that the conspiracy's existence, and a particular defendant's membership in it, may be inferred from the participants' "words and actions and the interdependence of

-4-

activities and persons involved." United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990).

Against this backdrop, we turn to the appellant's principal assignment of error. Hernández concedes, as he must, that the government proved the existence of a large, long-lasting conspiracy to peddle various controlled substances. The question, then, is whether the government proved that he agreed to join it. We conclude that this question must be answered affirmatively.

At trial, the government adduced evidence that Hernández sold contraband at "drug points" operated by the conspiracy and that he was entrusted with the safekeeping of firearms used by the gang in the murders of rival drug dealers. Standing alone, this evidence likely would suffice to undergird his conviction. See, e.g., Rivera-Santiago, 872 F.2d at 1079 (holding that "[t]he fact that [the defendant] participated in one retail link of the distribution chain, knowing that it extended beyond his individual role, [is] sufficient" to demonstrate his membership in a drug-trafficking conspiracy). Here, however, the government also introduced more damning evidence: testimony from a percipient witness who stated that Hernández would "settle out" dealers, that is, he would come to a drug point, count the receipts collected by the ring's retail

vendors at that drug point, allow each vendor to keep his or her agreed remuneration, and ensure that the remainder of the funds was remitted to the ringleaders.  This level of involvement plainly sufficed to sustain the challenged conviction.

The appellant seeks to deflect the force of this proof by assailing its source.  This translates into an all-out assault on the credibility of the government's witnesses.  This line of attack is forcefully mounted, but it does not avail the appellant.  In passing upon challenges to the sufficiency of the evidence, we are bound to refrain from making independent judgments as to the credibility of witnesses.  See Noah, 130 F.3d at 494; United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993).  We recently summed up this principle in United States v. Alicea, 205 F.3d 480 (1st Cir. 2000), in which we wrote that "[e]xcept in the most unusual circumstances . . . credibility determinations are for the jury, not for an appellate court."  Id. at 483.  This case comes within the general rule, not the long-odds exception to it.  And the appellant's effort to highlight the trial testimony of other (more favorable) witnesses suffers from the same infirmity.

The short of it is that the evidence introduced at trial, taken in the light most congenial to the government's

theory of the case, sufficed to ground a conviction. No more was exigible.

The appellant puts a twist on his insufficiency challenge, arguing that he was tried and convicted on the wrong charge. As he sees it, the evidence shows at most that he assisted only after the conspiracy was up and running (that is, only after the agreement to distribute narcotics had been forged) and that, therefore, "he cannot be charged with aiding and abetting a conspiracy because, when the drug conspirators agreed to [commit] one of the specified offenses . . ., all the elements of 21 U.S.C. § 846 had been met." Appellant's Reply Brief at 7. Hernández suggests, instead, that he should have been charged as an accessory after the fact and not a coconspirator. This argument is disingenuous.

To be sure, an agreement to commit the substantive offense is an essential element of a conspiracy charge. See United States v. Andujar, 49 F.3d 16, 20 (1st Cir. 1995); Echeverri, 982 F.2d at 679. But whether or not a defendant is privy to the scheme at its commencement is not determinative of his guilt. To the contrary, the law is settled that a defendant cannot "escape criminal responsibility on the grounds that he did not join the conspiracy until well after its inception."

United States v. Pool, 660 F.2d 547, 560 (5th Cir. 1981). Judge Aldrich captured the essence of this point in memorable prose:

> [A] conspiracy is like a train. When a party knowingly steps aboard, he is part of the crew, and assumes conspirator's responsibility for the existing freight — or conduct — regardless of whether he is aware of just what it is composed.

United States v. Baines, 812 F.2d 41, 42 (1st Cir. 1987). Here, the jury had before it evidence from which it reasonably could infer beyond any reasonable doubt that the appellant knew of the conspiratorial plan, shared the coconspirators' common purpose, and acted to further that plan and purpose. On that basis, he was properly charged with, and lawfully convicted of, a section 846 conspiracy.

The appellant has one more arrow in his quiver — but it will not fly. He attempts in conclusory fashion to adopt "the discussion and arguments set forth" by his codefendants. Appellant's Brief at 3. We need not linger long over this feeble effort.

In general, appellants prosecuting consolidated appeals may adopt each other's arguments. See Fed. R. App. P. 28(i). But arguments adopted by reference "must be readily transferrable from the proponent's case to the adopter's case." United States v. David, 940 F.2d 722, 737 (1st Cir. 1991). Thus, to free-ride on another appellant's issue, a party has a

burden to show that he is in the same legal and factual position as the proponent vis-à-vis the issue, or, at least, to show how the issue relates to his situation. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Castro-Lara</u>, 970 F.2d 976, 982 (1st Cir. 1992); <u>David</u>, 940 F.2d at 737; <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990). In this instance, Hernández has not made the slightest effort to show that the arguments he seeks to adopt are applicable to him (or if so, how they pertain). Hence, we treat his perfunctory attempt at adoption as insufficient to put those issues in play. <u>See</u> <u>Zannino</u>, 895 F.2d at 17.

We need go no further. We conclude, without serious question, that the evidence presented, when viewed in the requisite light, supports the jury's conclusion. Consequently, the appellant's conviction must be

**<u>Affirmed</u>.**